UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTINE ARNOLD and <br> LESTER ARNOLD, <br>     Plaintiffs, <br> v. <br> COVENANT HEALTH, <br> KNOXVILLE HEART GROUP, P.C., and <br> JEFFREY M. BAERMAN, M.D., <br>     Defendants. | No.: 3:11-CV-307 <br> (VARLAN/GUYTON) |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on several motions: Covenant Health's Motion to Dismiss and/or Motion for Summary Judgment [Doc. 4]; Knoxville Heart Group, Inc. and Jeffrey Bearman, M.D.'s Motion to Dismiss and/or Motion for Summary Judgment [Doc. 7]; Knoxville Heart Group, Inc. and Jeffrey Bearman, M.D.'s Motion for Leave to Submit Memorandum of Law in Excess of 25 Pages [Doc. 10]; plaintiffs' Motion to Amend [Doc. 12]; and Plaintiffs' Rule 56(d) Motion [Doc. 13].

The Court first turns to plaintiffs' Motion to Amend [Doc. 12]. Although plaintiffs request leave to amend, they submit that they may amend their complaint as a matter of course pursuant to Rule 15(a)(1)(A) because the motion to amend was filed within twenty-one days of defendants' responsive pleadings[1] [*Id.*]. Defendants do not respond to this

---

[1] Although it seems plaintiffs' refer to the motions to dismiss and/or summary judgment as "responsive pleadings," the Court notes that such motions are not pleadings. Fed. R. Civ. P. 7(a).

assertion, but argue that, even considering the amended complaint, their motions should be granted [Docs. 15, 16].

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend the complaint "once as a matter of course" either within "21 days after serving it," Fed. R. Civ. P. (a)(1)(A), or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," Fed. R. Civ. P. 15(a)(1)(B). Where the time to amend pleadings as a matter of course has expired, a party may nonetheless amend its pleadings by leave of the Court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although plaintiffs submit that Rule 15(a)(1)(A) allows them to amend their complaint as a matter of course, the Court finds Rule 15(a)(1)(B), rather, is the only applicable provision of Rule 15(a)(1) that would allow plaintiffs to amend without leave of Court because plaintiffs' motion to amend came well after twenty-one days after serving the original complaint; indeed, the original complaint was filed on July 5, 2011 [Doc. 1] and the motion to amend was filed over three months later on October 10, 2011 [Doc. 12].

Considering plaintiffs' motion under Rule 15(a)(1)(B), the Court finds plaintiffs may amend their complaint as a matter of course and without leave of Court. On September 19, 2011, defendant Covenant Health filed its answer [Doc. 3] and a motion to dismiss and/or for summary judgment [Doc. 4]. Likewise, on September 19, 2011, defendants Jeffrey Bearman, M.D., and Knoxville Heart Group, P.C., filed a motion to dismiss and/or for

2

Case 3:11-cv-00307-TAV-HBG   Document 17   Filed 11/15/11   Page 2 of 4   PageID #: 530

summary judgment [Doc. 7].[2] On October 10, 2011—twenty-one days later—plaintiffs filed their motion to amend [Doc. 12].  Given that plaintiffs filed their motion to amend within twenty-one days after defendants' filings, plaintiffs may amend their complaint as a matter of course under the express terms of Rule 15(a)(1)(B).[3]  Plaintiffs' Motion to Amend [Doc. 12], therefore, is hereby **GRANTED**.  Plaintiffs shall file their proposed amended complaint [Doc. 12-1] within five (5) days of the entry of this order.

In light of the Court's ruling, because the filing of a new complaint supersedes the previous complaint and controls the case, *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306–07 (6th Cir. 2000), and because any request by defendants to dismiss the proposed amended complaint is not in the form of a motion, *see* Fed. R. Civ. P. 7(b), the Court further hereby **DENIES AS MOOT** the following motions:

- Covenant Health's Motion to Dismiss and/or Motion for Summary Judgment [Doc. 4];

- Knoxville Heart Group, Inc. and Jeffrey Baerman, M.D.'s Motion to Dismiss and/or Motion for Summary Judgment [Doc. 7];

- Knoxville Heart Group, Inc. and Jeffrey Baerman, M.D.'s Motion for Leave to Submit Memorandum of Law in Excess of 25 Pages [Doc. 10]; and

- Plaintiffs' Rule 56(d) Motion [Doc. 13].

---

[2]The Court observes that these defendants did not file an answer.

[3]The Court observes that plaintiffs have not previously amended their complaint.

3

The parties may refile these motions, if appropriate, once the amended complaint is filed.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE